UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNY EUGENE KING,<br><br>   Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>   Defendant. | Civil No. 08cv0812 LAB(RBB)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [DOC. NO. 2];**<br><br>**(2) DIRECTING UNITED STATES MARSHAL TO EFFECT SERVICE OF PROCESS; AND**<br><br>**(3) DENYING MOTION FOR APPOINTMENT OF COUNSEL [DOC. NO. 3]** |

On April 28, 2008, Plaintiff Ronny Eugene King filed a civil Complaint [doc. no. 1] against Defendant Social Security Administration challenging Defendant's denial of Plaintiff's claim for Supplemental Security Income benefits.  King has also filed an application to proceed in forma pauperis ("IFP") [doc. no. 2] and a Request for Appointment of Counsel [doc. no. 3].  United States District Judge Larry Alan Burns referred the case to this Court on May 8, 2008 [doc. no. 4].

//

**I.    Motion to Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915, "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such person possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C.A § 1915(a)(1) (West 2006). Plaintiff states that he is currently employed by the County of San Diego In-Home Supportive Service. (IFP Application 2; Mot. for Counsel 4.) He earns $417.00 per month. (Mot. for Counsel 5; see also IFP Application 2.) King does not have a bank account, and he does not own a car or any other significant assets. (IFP Application 2-3.) He indicates that although he pays for food, he relies on his mother to pay other expenses. (Mot. for Counsel 6-7.)

Given these circumstances, the Court **GRANTS** Plaintiff's Application to Proceed In Forma Pauperis. See 28 U.S.C.A. § 1915(a)(1) (West Supp. 2005). The United States Marshal shall serve a copy of the Complaint, summons, and Order Granting Application to Proceed In Forma Pauperis upon Defendant as directed by Plaintiff on U.S. Marshal Form 285. See id. § 1915(d). All costs of service shall be advanced by the United States.

Plaintiff shall serve on Defendant or, if appearance has been entered by counsel, on Defendant's counsel, a copy of every further pleading or document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the manner in which a true

and correct copy of any document was served on Defendant or counsel for Defendant and the date of service.

**II.   Motion for Appointment of Counsel**

Plaintiff also filed a Motion for Appointment of Counsel [doc. no. 3]. "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C.A. § 1915(e)(1) (West 2006). Yet, "it is well-established that there is generally no constitutional right to counsel in civil cases." United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996) (citing Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994); Friedman v. Arizona, 912 F.2d 328, 333 (9th Cir. 1990)). Federal courts do not have the authority "to make coercive appointments of counsel." Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989); see also United States v. $292,888.04 in United States Currency, 54 F.3d 564, 569 (9th Cir. 1995).

Nevertheless, district courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to request that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. See Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (citing Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984)); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues involved."

Agyeman, 390 F.3d at 1104 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (citation omitted)). "'Neither of these factors is dispositive and both must be viewed together before

1  reaching a decision.'" Terrell, 935 F.2d at 1017 (quoting Wilborn
2  v. Escalderon, 789 F.2d 1328, 1332 (9th Cir. 1986)).
3      Plaintiff's Motion for Appointment of Counsel does not
4  demonstrate exceptional circumstances that would warrant the
5  appointment of counsel in this case.  King has not shown a
6  likelihood of success on the merits of his claim.  The Complaint is
7  a one-page document which alleges that Plaintiff has a "very bad
8  back" and suffers chest pain and numbness in his right arm and leg.
9  (Compl. 1; see also Mot. for Counsel 2.)  King does not identify
10 what decision by the SSA he is challenging or when any appeal was
11 denied, although he does indicate he received a hearing before an
12 administrative law judge, which resulted in the judge refusing to
13 reverse an unfavorable decision of the SSA.  (Mot. for Counsel 4.)
14 Because the Complaint does not include any specific information
15 about the decisions of the SSA or the nature of Plaintiff's medical
16 condition, his likelihood of success at this point is questionable.
17     King's only reason in support of his request for counsel is
18 that he cannot afford to hire a lawyer.  (See Mot. for Counsel 4.)
19 But indigence alone does not entitle a plaintiff to appointed
20 counsel.  Because King has not demonstrated exceptional
21 circumstances that would make the appointment of counsel
22 appropriate, Plaintiff's Motion for Appointment of Counsel is
23 **DENIED** without prejudice.
24     **IT IS SO ORDERED.**

DATED: May 15, 2008

Ruben B. Brooks
United States Magistrate Judge

cc: Judge Burns
    All Parties