UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONNY EUGENE KING, | ) | Civil No. 08cv0812 LAB(RBB) |
| Plaintiff, | ) ) | REPORT AND RECOMMENDATION RE DISMISSAL FOR WANT OF |
| v. | ) ) | PROSECUTION |
| SOCIAL SECURITY ADMINISTRATION, | ) ) | |
| Defendant. | ) ) | |

On April 28, 2008, Plaintiff Ronny Eugene King filed a one-page Complaint against the Social Security Administration [doc. no. 1]. He also filed a Motion for Leave to Proceed In Forma Pauperis and a Motion to Appoint Counsel [doc. nos. 2, 3]. On May 15, 2008, the Court denied King appointed counsel, granted him leave to proceed in forma pauperis, and authorized the United States Marshals Service to effect service of process as directed by the Plaintiff [doc. no. 5]. The Clerk of the Court wrote to King and gave him instructions on how to complete his service requirements. (Summons Attach. #1.)

No activity occurred in the case until November 7, 2008, when the Court set a December 8, 2008, hearing on whether this case

should be dismissed for failure to prosecute [doc. no. 7]. On that date, the Court addressed whether to dismiss the complaint for want of prosecution under Local Rule 41.1 and under Rule 4 (m) of the Federal Rules of Civil Procedure [doc. no. 8]. King was present at the hearing. The Court declined to recommend dismissal of the case but instructed King to complete Marshals Form 285 and all other service requirements no later than January 7, 2009. Id. The Court also informed King that the hearing, pursuant to the Notice of Hearing for Dismissal for Want of Prosecution under Local Rule 41.1 and Dismissal for want of Prosecution under Rule 4 (m) of the Federal Rules of Civil Procedure, was continued to March 16, 2009. Id.

King completed U.S. Marshals 285 Form naming the Social Security Administration as a defendant [doc. no. 9]. It appears that the U.S. Marshals Service served Nick Pilcher, staff assistant, with the Complaint on December 16, 2008. (Process Receipt and Return 1 [USM-285].)

Because Plaintiff is proceeding in forma pauperis, he is entitled to have the summons and Complaint in his case served by the United States Marshal. Puett v. Blandford, 912 F.2d 270, 273 (9th Cir. 1990) (citing Romandette v. Weetabix Co., 807 F.2d 309, 310 n.1 (2d Cir. 1986); see also Fed. R. Civ. P. 4(c)(2)(B)(i). The "officers of the court shall issue all service of process." 28 U.S.C. § 1915(a)(1). "Although a plaintiff . . . proceeding in forma pauperis may rely on service by the Marshal, such plaintiff 'may not remain silent and do nothing to effectuate such service;' rather, '[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent

defects of which [he] has knowledge.'" Jenkins v. Caplan, No. C 02-5603 RMW (PR), 2009 WL 393786, at *4 (N.D. Cal. Feb. 13, 2009) (quoting Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987)). A plaintiff proceeding in forma pauperis may face dismissal where he fails to instruct the U.S. Marshal Service to serve the necessary parties. See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (overruled on other grounds by Sandin v. Connor, 515 U.S. 472 (1995)).

Rule 4(i) of the Federal Rules of Civil Procedure provides the manner in which a plaintiff must effect service of process when suing the United States or one of its agencies. The plaintiff must deliver a copy of the summons and complaint to three entities: (1) the United States attorney for the district in which the action is brought, (2) the Attorney General of the United States at Washington, District of Columbia, and (3) the agency which took the actions of which the plaintiff complains. Fed. R. Civ. P. 4(i)(1)(A)-(B), (2)(A).

King only attempted to serve one of the necessary entities -- the Social Security Administration. In order to effect proper service, Plaintiff must also serve the United States Attorney for the Southern District of California and the Attorney General of the United States. To date, King has not directed the U.S. Marshals Service to serve the United States Attorney or the Attorney General.

On March 16, 2009, the Court held the continued hearing regarding dismissal of this action for want of prosecution under Local Rule 41.1 and dismissal for want of prosecution under Rule 4(m) of the Federal Rules of Civil Procedure [doc. no. 10]. King

1 did not attend the continued hearing and has not filed any
2 opposition.  He has done nothing further to prosecute this action
3 or effect proper service of process.  Under these circumstances the
4 Court recommends that this case be dismissed without prejudice.
5     This Report and Recommendation will be submitted to the United
6 States District Court Judge assigned to this case, pursuant to the
7 provisions of 28 U.S.C. § 636(b)(1).  Plaintiff may file written
8 objections with the Court and serve a copy on all parties on or
9 before April 20, 2009.  The document should be captioned
10 "Objections to Report and Recommendation."  Failure to file an
11 objection within the specified time may waive the right to appeal
12 the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th
13 Cir. 1991).

16 Dated: March 18, 2009

**RUBEN B. BROOKS**
**United States Magistrate Judge**

17 cc:  Judge Burns
18      All Parties of Record